THE STATE OF OHIO, APPELLEE, *v.* OSBURN, APPELLANT.

(No. 1442—Decided December 8, 1976.)

Mr. Mark W. Altier, for appellee.
Mr. Edward K. Eberhart, for appellant.

VICTOR, P. J. Osburn was indicted for the murder of Malcolm Hershey (R. C. 2903.02). Tried before a jury, he was found not guilty of murder but guilty of the lesser offense of involuntary manslaughter (R. C. 2903.04) and sentenced pursuant to law.

In this appeal, he claims that the trial court erred:

(1) In charging the jury on lesser included offenses;

(2) in requiring him to prove the defense of self-defense by a preponderance of the evidence; and

(3) that the charge on the law of self-defense incorrectly stated the law pertaining thereto.

### Assignment of Error I

Hershey was killed as a result of a shotgun blast fired by Osburn when both men were at close range. The blast struck Hershey in one of his legs and severed four major blood vessels in the leg. Death resulted from loss of blood. The testimony of a medical expert established that ordinarily a gunshot wound in the leg would not cause death.

Defendant's son, Barry Osburn, a state's witness, testified that his father had aimed the weapon downward indicating an intention to wound Hershey rather than kill him. Osburn himself testified that he deliberately aimed the gun downward rather than at Hershey's chest or head and that he never intended to kill Hershey. Rather, he intended only to frighten him. He further testified that this act was done in self-defense. Evidence of record was sufficient to warrant the submission of the issue of self-defense to the jury.

The theory of the state's case was, of course, a purposeful killing, which is murder. If a wound is inflicted with a deadly weapon in a manner calculated to destroy life, the intent to kill may be inferred from the use of that weapon. Thus, the jury could have found a purpose to kill

and returned a verdict of guilty of murder. Yet, considering the evidence previously referred to, the jury could reasonably have determined that Osburn never intended to kill Hershey but intended only to scare and wound him. See, *Bailus* v. *Ohio* (1898), 16 C. C. 226, 243. If the jury believed this evidence, the act was involuntary manslaughter, not murder.

Thus, upon this state of the record the court properly charged on the lesser included offense of manslaughter unless the interposition of the affirmative defense of self-defense precluded such a charge.

Osburn says that the rule enumerated in *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, and *State* v. *Fox* (1972), 31 Ohio St. 2d 58, precludes such a charge. In *Nolton, supra,* at 135, the court said:

"If the evidence adduced on behalf of the defense is such that if accepted by the * * * [jury] it would constitute a complete defense to *all* substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence." (Emphasis added.)

Osburn contends that where an affirmative defense is asserted, the *Nolton* rule automatically prevents a consideration by the jury of any charge other than the one contained in the indictment. We disagree. Whether lesser included offenses should be submitted to the jury depends upon the record in each case. As stated in *State* v. *Jenkins* (1976), 48 Ohio App. 2d 99, 105:

"* * * [I]f the bare assertions of an affirmative defense is a waiver of the right of the accused to have submitted to the jury the appropriate offenses which the evidence supports the defendant and the state are denied the right to have the verdict conform to the evidence."

In Jenkins, a defendant was contending that lesser included offenses should have been submitted to the jury. In the instant case, the state asserts the argument. Reason dictates that the application of the rule should be the same whether urged by the prosecution or the defense. In

effect, this is the holding in *Nolton*, where it is stated, at page 135:

"On the contrary, if the trier could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused."

Based upon the record before us, the jury could have found that Osburn acted in self-defense and acquitted him, or it could have rejected that defense. Yet, if the defense were rejected, the factual question remained: Did Osburn intentionally kill Hershey? There is evidence from which the jury could conclude the killing was intentional, but there is also a substantial amount of evidence that the jury could conclude that the killing was unintentional. Thus, under *Nolton*, the submission of the lesser included offenses of involuntary manslaughter was warranted. We reject assignment of error number one.

### Assignment of Error II

The trial judge placed the burden of proving the defense of self-defense upon the defendant. This was error prejudicial to the rights of the defendant. We sustain this assignment of error. See, *State* v. *Robinson* (1976), 47 Ohio St. 2d 103.

### Assignment of Error III

In light of the ruling relative to assignment of error number two, assignment of error number three is moot.

The judgment is reversed and the cause is remanded for further proceedings.

*Judgment reversed.*

MAHONEY and BRENNEMAN, JJ., concur.