THE STATE OF OHIO, APPELLANT, *v.* NOLTON, APPELLEE.

(No. 68-331—Decided July 16, 1969.)

*Mr. C. Howard Johnson*, prosecuting attorney, and *Mr. Marvin S. Romanoff*, for appellant.
*Mr. Henry Clay Scott*, for appellee.

Schneider, J. Under our schema of criminal procedure, every accused enjoys the unqualified right to have the prosecution prove every element of the offense charged beyond a reasonable doubt. Failing this, the defendant is entitled to an acquittal. However, the statutory right (Section 2945.74, Revised Code[4]) to have the trier of the facts consider and return a verdict of conviction upon lesser degrees of the crime or lesser included offenses, in lieu of conviction of the principal offense, is subject to the underlying principal that the trier shall not be confronted with the option to reach an unreasonable conclusion. Thus, it has been said that the defendant's ''liberty should not be dickered away by a compromised verdict upon another crime.'' *State* v. *Loudermill*, 2 Ohio St. 2d 79, 81. In turn, the state has an equal interest in guarding against speculative verdicts.

It has also been reiterated down through the cases that *where the evidence would support a lesser included offense* the jury shall be charged upon and be permitted to return a verdict upon that offense.

This is, perhaps, an unfortunate formula and the source of continuing confusion. For it is obvious that proof which will support a conviction for the principal offense will invariably support a conviction on the lesser. The instant case appears to be a uniquely suitable vehicle to announce a more utilitarian rule.

The crime charged here is shooting with intent to

------

[4]Section 2945.74, Revised Code, provides in pertinent part:

"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

wound. The state proved venue, which was not questioned, and offered evidence sufficient, if believed, to support beyond a reasonable doubt each additional, substantive element of the offense: Shooting, intent and malice. The defendant admitted the act of shooting and that the victim's wounded knee resulted therefrom, but claimed justification by reason of self-defense. He adduced proof, conflicting with that of the state, but sufficient, if believed, to support that defense. Hence, the jury was faced with the task of accepting the evidence of the state or that of the defendant. If it rejected the latter, it could not, of course, be compelled as a matter of law to accept the former. It might refuse to accept part of that also and acquit.

But if, indeed, the jury rejected the claim of self-defense, it would be wholly unrealistic to permit it to conclude that the defendant shot at and wounded his victim without intending so to wound him and was answerable only for a lesser crime.

The formulation of a new rule, therefore, is necessary:

If the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to *all* substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence.

On the contrary, if the trier could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused.

The essentiality of the rule is demonstrated by the following cases: *Malone* v. *State,* 130 Ohio St. 443 (first degree murder—defense: alibi—no charge upon lesser included offenses); *Bandy* v. *State,* 102 Ohio St. 384 (similar facts and same holding as *Malone*); *State* v. *Schaeffer,*

96 Ohio St. 215 (automobile manslaughter—defense ad-' mits death proximately caused by operation of the vehicle —no charge upon lesser included offense of assault and battery). See, also, *State* v. *Champion*, 109 Ohio St. 281, in which it is said, at page 287, "* * * in cases of homicide, convictions may be had for assault and battery, but they may be rightfully had only where there is a 'reasonable doubt,' or evidence suggesting the same, that the force and violence used did not cause the death."

The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, KERNS and DUNCAN, JJ., concur.ᵉ

KERNS, J., of the Second Appellate District sitting for HERBERT, J.

---

ᵉThis decision was made after the death of JUSTICE ZIMMERMAN and before the appointment of a successor.