The State of Ohio, Appellee, *v.* Jones, Appellant. ▮

[Cite as State v. Jones (1975), 47 Ohio App. 2d 8.]

(No. 33966—Decided December 23, 1975.)

*Mr. John T. Corrigan,* for appellee.
*Mr. Jay B. White,* for appellant.

KRENZLER, C. J. On June 4, 1974 the appellant, Anthony Jones, was indicted by the Cuyahoga County Grand Jury on one count of aggravated murder in violation of R. C. 2903.01, and on one count of attempted aggravated murder in violation of R. C. 2923.02. The count of aggravated murder charged that the appellant unlawfully and purposely did, with prior calculation and design, cause the death of one Linda Turner on June 2, 1974. The count of attempted aggravated murder charged that the appellant unlawfully and purposely did, with prior calculation and design, attempt to cause the death of one Lonnie Gatson on the same date. At his arraignment on June 7, 1974 the appellant entered a plea of not guilty and a jury trial commenced on July 29, 1974.

A brief summary of the pertinent evidence introduced at trial is as follows. Lonnie Gatson testified that in the early morning hours of June 2, 1974 the appellant drove both him and Linda Turner home from Joe D's Bar in his (the appellant's) car. Gatson testified that during the ride he sat in the back seat on the passenger side while Linda Turner sat in the front seat, also on the passenger side. Gatson stated that as soon as the appellant stopped his car in front of Linda Turner's apartment, the appellant shot him two times before he (Gatson) managed to roll out of the car. Gatson further testified that he only heard two shots before he rolled out of the car, and that these two shots hit him, one grazing his head and the other hitting him in the back. Gatson testified that he had done nothing to provoke this attack by the appellant, and that he was not aware of what Linda Turner was doing at the time he was shot.

Patrolman Ronald Dumas of the Cleveland Police Department testified that he found the body of Linda Turner on the treelawn at 4208 East 186th Street at 5:30 A. M. on June 2, 1974. This would be sometime after the events in the car. Doctor Lester Adelson of the Coroner's Office testified that the cause of Linda Turner's death was a gun shot wound to the left side of her forehead, in the temple region, administered at close range.

Although the appellant did not testify at trial, Joint Exhibit 1, which was his statement concerning the incident and which was taken at the East Cleveland Police Station on June 3, was read into evidence. In the statement the appellant indicated that he went to Joe D's Bar where he saw Linda Turner, who asked him to pick her up when she got off work. He left and returned to Joe D's Bar to pick Linda up and she told him that Lonnie Gatson was her cousin and that he was going to stay the night with her but that the appellant could come over to the house and have a drink with her. The three of them got in the car and the appellant was driving. He then stated that he saw Gatson, who was sitting in the back seat, reach into his pants and pull out a knife; that he, the appellant, had a pistol on the front seat; and that when he saw Gatson come over the seat after him he shot Gatson and just started pulling on the trigger. The appellant stated that Gatson opened the back door on the driver's side and got out of the car and that Linda fell over the seat.

In response to questions contained in the statement the appellant stated that he knew Linda Turner since 1962 and that she was supposed to be in love with him. He also stated that when he first saw Lonnie Gatson with the knife Lonnie asked him for his money. He stated that he threw the gun away after the shooting, and that at the time he shot Linda and Lonnie he was in fear of his life. The appellant also stated that he was scared and that he panicked and that he didn't take Linda Turner to the hospital but pushed her out of the car and then went home. On the next day he cleaned up the blood in the car.

After both sides rested defense counsel asked the court to charge the jury on aggravated murder, murder, involuntary manslaughter, voluntary manslaughter, accidental shooting and self defense. The trial court included in its instructions charges on aggravated murder, murder and accident as to the killing of Linda Turner, and the court instructed the jury on attempted aggravated murder and the lesser included offense of felonious assault as to Lonnie Gatson. The trial court did not charge the jury on

involuntary manslaughter, voluntary manslaughter or self defense.

On July 31, 1974 the jury returned a verdict finding the appellant not guilty of aggravated murder but guilty of the lesser included offense of murder, in violation of R. C. 2903.-02, on the first count, and not guilty of attempted aggravated murder or of the lesser included offense of felonious assault on the second count. The trial court rendered judgment upon this verdict and sentenced the appellant to the Ohio Penitentiary for fifteen years to life.

On August 20, 1974 the appellant filed a timely notice of appeal from his conviction of murder, and assigns four errors:

I. Irregularity in the proceedings, orders and rulings of the Court, and abuse of discretion by the Court, because of which the defendant was prevented from having a fair trial.

II. Misconduct of a member of the jury.

III. That the verdict is not sustained by sufficient evidence and is contrary to law and inconsistent with fact.

IV. Error of law occurring at trial.

In his first assignment of error the appellant contends that the trial court abused its discretion and thereby denied him his constitutional right to be represented by counsel by repeatedly censuring one of his two defense lawyers under threat of contempt. This assigned error is not well taken.

While the record does demonstrate some friction between one of appellant's counsel and the trial judge, the record also clearly reveals that the rules laid down by the trial court for conduct of the trial by two defense lawyers were reasonable. These rules provided that the lawyer who sat in the number one seat at trial was to do all the examinining and objecting, and that the lawyer who sat in the second seat could only speak through the lawyer occupying seat number one. The court permitted the lawyers to exchange seats after each witness. Further, the single threat of a fine by the trial court was made at the end of the trial, outside the presence of the jury, and in response to a viola-

tion of the rules. In short, the record does not support the appellant's contention of an abuse of discretion.

In his second assignment of error, the appellant argues that misconduct of a jury member prejudiced his right to a fair trial. He claims that this misconduct is demonstrated in "Exhibit A." However, a thorough search demonstrates that the record does not contain "Exhibit A." Since the appellant has supplied no record support for his allegation of juror misconduct, this assigned error is disregarded pursuant to Appellate Rule 12(A).

In his third assignment of error, the appellant contends that the jury's verdict finding him guilty of murder is not sustained by sufficient evidence, is contrary to law, and is inconsistent and irregular. This assigned error is without merit.

A careful review of the record shows that there was sufficient evidence presented at trial to enable a jury of reasonable persons to conclude beyond a reasonable doubt that the appellant was guilty of the lesser included offense of murder (R. C. 2903.02) of Linda Turner. Regarding her death, the jury chose to reject the appellant's defense of accident. The verdict finding the appellant guilty of murder is supported by sufficient evidence and is not contrary to law.

In arguing that the verdict is inconsistent and irregular, the appellant contends that since the jury found him not guilty of a felonious assault upon Lonnie Gatson, that they in effect found that he did not knowingly injure Gatson. Appellant claims that this finding is inconsistent with the jury's finding that within a fraction of a second of the shooting of Gatson he purposely murdered Linda Turner. The appellant argues that if he did not knowingly injure Lonnie Gatson then he could not have purposely killed Linda Turner a second or two later. This argument is not valid and the jury's verdicts are not inconsistent.

It is noted that there were two victims and separate crimes charged as to each victim. It does not necessarily follow that intent or lack of intent regarding a crime committed against one victim is transferred to and becomes the intent in regard to the crime charged against the other

victim. It is possible for a person charged with two separate crimes to have intent or lack of intent as to each of the victims independently of the other. The finding of not guilty in regard to the crimes charged against Lonnie Gatson does not automatically mean that the appellant could not have had an intent to commit a crime against Linda Turner. There is no inconsistency because he could have had a different intent as to each of the victims. In finding the appellant not guilty of the crimes charged against Lonnie Gatson, the jury believed that his shooting was justified. However, the jury did not believe that the killing of Linda Turner was an accident when it found the appellant guilty of murder.

In his fourth assignment of error, the appellant contends that the trial court erred in failing to instruct the jury on the defense of self defense and on the lesser included offenses of voluntary and involuntary manslaughter. This assigned error is not well taken.

The trial court's failure to charge the jury on self defense was not prejudicial error. First, there was sufficient evidence introduced to warrant a charge on self defense in regard to the crimes against Lonnie Gatson. This evidence was contained in the appellant's written statement (Joint Exhibit 1). However, the failure to charge was not prejudicial error and is considered only as harmless error because the appellant was found not guilty of the charges against Gatson. *Harrington* v. *California* (1969), 395 U. S. 250; *Chapman* v. *California* (1967), 386 U. S. 18; *State* v. *Cowans* (1967), 10 Ohio St. 2d 96. Next, as to the crime against Linda Turner, there is no evidence that would warrant a charge on self defense. Lastly, it is noted that there may have been a problem if the court had failed to charge on accident. This would have occurred if there had been sufficient evidence to warrant instructions on self defense as to Lonnie Gatson and accident as to Linda Turner and if the jury was only charged on self defense and returned a not guilty verdict as to the alleged crime against Lonnie Gatson. In that case, the jury should have been told that when a person acts in self defense as to one person and there is an accidental killing of another person it is not a

14

crime. In other words, the accidental killing of an innocent party by one acting in self defense against an attack by another is not a crime. *State* v. *Clifton* (1972), 32 Ohio App. 2d 284. However, we do not have the same problem as in *State* v. *Clifton, supra.* There the trial court refused to instruct the jury that a homicide is excusable or justified when one lawfully acting in self defense kills an innocent bystander by a random shot if the killing of the assailant would have been justifiable as done in self defense. In the present case, the trial court instructed the jury on accident and since the jury found the appellant guilty of murder as to Linda Turner, it did not believe that her shooting was an accident, and so the failure to charge on self defense was not prejudicial error as it related to Linda Turner.

Next, as to the trial court's failure to charge on the lesser included offenses of voluntary and involuntary manslaughter, the state contends that the trial court should not have charged on any lesser included offense because the appellant raised a complete defense. The state argues that because a defense was raised the jury should only have had two alternatives, conviction or acquittal, and cites for support of this position *State* v. *Nolton* (1969), 19 Ohio St. 2d 133; *State* v. *Fox* (1972), 31 Ohio St. 2d 58.

The defense contends that the evidence presented at trial warranted a charge on the lesser included offenses of voluntary and involuntary manslaughter. Before we discuss the specific issues posed above we will review some basic Ohio criminal law regarding lesser included offenses.

In a criminal case, the defendant may enter a plea of guilty, not guilty, or no contest. Criminal Rule 11(A). If he enters a plea of not guilty the state must proceed to prove him guilty beyond a reasonable doubt, which means that the state must prove each and every element of the crime charged or a lesser included offense beyond a reasonable doubt. R. C. 2901.05(A).

The defendant in pleading not guilty denies his guilt; he may do nothing at the trial and force the state to prove him guilty or he may present defenses such as alibi, self defense, accident, or entrapment to rebut the charge.

These defenses may be established by cross-examination

of the state's witnesses, by the defendant putting on his own witnesses, or by the defendant taking the stand. Also, in a case tried to a jury the court must instruct the jury on the law of the case based on the evidence presented. Generally the court will instruct the jury on the crime charged and on lesser included offenses where appropriate. R. C. 2945.11.

The concept of lesser included offenses is vitalized by statute and not by common law. R. C. 2945.74 provides:

"* * * if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense."

An offense is a lesser included offense where all the elements of such offense are present with others in the offense charged in the indictment. *State* v. *Hreno* (1954), 162 Ohio St. 193. However, the doctrine of included offenses whereby a defendant may be found not guilty of the offense charged but guilty of a lesser included offense relates only to offenses of the same general character and not to distinct and independent offenses of different classes. *State* v. *Kuchmak* (1953), 159 Ohio St. 363; *State* v. *Whitten* (1910), 82 Ohio St. 174.

Charges on lesser included offenses are not automatically given; there must be some basis for them; this basis comes from the law and the evidence. The evidence as well as the law governs the charge of the court in a criminal case. Further, the charge must be consistent with the evidence. It is the duty of the court to give, as well as that of the jury to consider, a charge on lesser included offenses which are shown by the evidence to have been committed. *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79, 80.

The application of the general rule on lesser included offenses was believed to have caused certain unfairnesses to both the defendant and the state. Some problems were presented in regard to charging or failing to charge on lesser included offenses. If a court erroneously charges on a lesser included offense when not warranted by the evidence the jury may reach a compromise verdict. This is not fair to the defendant. If a defendant is not guilty of the crime charged, his liberty should not be dickered away

by a compromised verdict upon another crime which is supported by no evidence. *State* v. *Loudermill, supra;* see also *Bandy* v. *State* (1921), 102 Ohio St. 384. On the other hand, if a charge on a lesser included offense is not given when warranted by the evidence and the jury is only given the alternatives of acquittal or guilt of the crime charged, the jury may acquit the defendant because one of the elements of the crime charged was not proven. Yet the defendant committed a crime. This is not fair to the state. Further, under the foregoing circumstances, if the jury believed that the defendant was guilty of a crime, and therefore was reluctant to acquit him, it might thus convict him of the crime charged, even though not all of the elements of that crime were proven by the state beyond a reasonable doubt. This is not fair to the defendant. *State* v. *Loudermill, supra.*

In an attempt to resolve the problems the Ohio Supreme Court in the 1969 case of *State* v. *Nolton, supra,* developed a new rule to be applied in cases where a defendant presented a defense which, if believed, would constitute a complete defense to all substantive elements of the crime charged. This new rule prohibits a charge on lesser included offenses in certain cases.

This rule provides as follows:

''If the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to all substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence.

''On the contrary, if the trier could reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused.''

This rule was followed in *State* v. *Fox, supra; State* v.

*Carver* (1972), 30 Ohio St. 2d 280, 290; and *State* v. *Mastel* (1971), 26 Ohio St. 2d 170, 172.

At first blush it would appear, in reading the first paragraph of the *Nolton* rule, that if the evidence adduced on behalf of the defense is such that if accepted by the trier of the facts it would constitute a complete defense to all substantive elements of the crime charged, the trier would not be permitted to consider a lesser included offense. This is the state's argument. If this were so, it would mean that whenever a defendant presented a defense, such as accident, self defense or alibi, the trial court would not be permitted to charge on a lesser included offense, and the jury would have to find the defendant guilty of the crime charged or acquit him. This would place the defendant in a position of having to decide whether to present his defense and not have any charge on a lesser included offense where appropriate or not present his defense and have the opportunity of having a charge on a lesser included offense. This would be an unfair rule. Therefore, the *Nolton* rule cannot be applied by merely using the express language of the first paragraph. It is also noted that the first paragraph of the *Nolton* rule only makes reference to the defense evidence and makes no express reference to the state's evidence. But implicit in its reading is the fact that the state's evidence as well as the defense evidence must be considered in deciding whether to charge on a lesser included offense. The first paragraph then in effect states that if the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to all substantive elements of the crime charged, and if the trier could not reasonably find against the state and for the accused upon any of the elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence.

Then the second paragraph of the *Nolton* rule states that if the trier could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused

on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on a lesser included offense is both warranted and required.

In other words, a simple rule of thumb in applying the *Nolton* rule is that in cases where evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to all substantive elements of the crime charged, and it would be reasonable for the trier to find against the state on one or more elements of the crime charged but for the state on a lesser included offense, a charge on the lesser included offense is both warranted and required.

Where the evidence in a criminal case would support a finding by the jury of guilt of a lesser offense included in the offense for which the defendant was indicted and tried, the refusal of the trial court to charge upon the lesser included offense is error prejudicial to the rights of the defendant. *State* v. *Loudermill, supra; State* v. *Muskus* (1952), 158 Ohio St. 276; *Freeman* v. *State* (1928), 119 Ohio St. 250; *State* v. *Luckey* (1974), 69 Ohio Op. 2d 111.

In addition to the trial court's regular burden of determining upon which crimes it should instruct the jury, the *Nolton* rule requires the trial court to review the quality of both the state and defense evidence. This imposes a subjective duty on the trial court to determine the reasonableness of the state's evidence upon all of the elements of the crime charged and whether the evidence adduced on behalf of the defense is such that if accepted by the trier would constitute a complete defense to all substantive elements of the crime charged.

We have reviewed the transcript of testimony, have applied the *Nolton* rule, and conclude that the trial court was correct in charging on the lesser included offense of murder. In reviewing the transcript of the testimony, we also find that the trial court correctly concluded that the trier (jury) could reasonably have found against the state and for the accused on one or more elements of aggravated murder, which was the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser in-

cluded offense, namely, murder. Under such circumstances a charge on the lesser included offense of murder was both warranted and required.

The state's argument that the trial court should not have charged on the lesser included offense of murder is not valid.

The appellant's argument that the trial court should have charged on the lesser included offenses of voluntary and involuntary manslaughter is not well taken. Voluntary manslaughter is defined as follows:

"No person, while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force, shall knowingly cause the death of another." R. C. 2903.03.

Involuntary manslaughter is defined as follows:

"(A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony.

"(B) No person shall cause the death of another as a promixate result of the offender's committing or attempting to commit a misdemeanor." R. C. 2903.04.

A review of the transcript of testimony reveals that there was insufficient evidence to show that the appellant was under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force causing the death of Linda Turner to require the court to submit the issue of voluntary manslaughter to the jury. Therefore, the refusal of the trial court to instruct the jury on voluntary manslaughter was not prejudicial error.

Further a review of the transcript reveals that the evidence presented by both the state and the defense was insufficient to demonstrate an illegal act (a felony or misdemeanor) *coupled with* an accidental killing as is required to constitute the crime of involuntary manslaughter. Therefore, the refusal of the trial court to instruct the jury on involuntary manslaughter was not prejudicial error either.

*Judgment affirmed.*

DAY, J., concurs.
MANOS, J., concurs in the judgment only.