This matter presents a timely appeal from a jury verdict and judgment rendered upon such verdict by the Mahoning County Common Pleas Court, finding defendant-appellant, Fortunato Hernandez, guilty of aggravated burglary in violation of R.C.2911.11(A).
On or about May 9, 1995, at approximately 1:30 p.m. appellant and his companion, Tim Poore, burglarized the home of Lynn Harmicar, the victim, located in the City of Youngstown, Mahoning County, Ohio. The trial court heard the testimony of several witnesses, including testimony from the victim, which indicated that appellant and Mr. Poore were, in fact, the individuals who burglarized her home on the date in question.
The victim testified that she departed her home at approximately 1:00 p.m. to run a few errands. (Tr. 322). At approximately 1:30 p.m., the victim's neighbor, Darlene Spurio, heard a loud banging noise coming from the victim's house. Ms. Spurio testified that when she heard the noise, she pulled down the blinds in her sun room, (approximately three feet from the victim's driveway) and was able to see someone sitting in the driver's seat of an automobile waiting in the victim's driveway. (Tr. 294) At trial, Ms. Spurio positively identified appellant as the individual who was sitting in the driver's seat. (Tr. 294). Ms. Spurio further identified the automobile which she viewed from her sun room as the same automobile which appellant was driving on the day in question. (Tr. 291). Ms. Spurio called 911 immediately and provided a description of the automobile and the license plate number. (Tr. 295). At this same time, Ms. Spurio noticed Mr. Poore exiting the victim's residence carrying a VCR and a stereo. (Tr. 296).
At trial, the victim testified that upon returning home from running a few errands, she noticed a black Dodge Aries parked in her driveway. (Tr. 326). The victim noticed that the passenger side door of the automobile was open, the door to her house was open and a man was leaving said house carrying her VCR and stereo. (Tr. 326). The victim then called 911 from her vehicle. (Tr. 327). She noticed that the automobile in question was running and that someone was seated in the driver's seat. (Tr. 327). She also testified that Mr. Poore dropped her VCR, threw her stereo into the automobile and then came toward the windshield of her vehicle pointing a gun. (Tr. 328). The victim put her car in reverse and backed out of the driveway. (Tr. 329) Appellant and Mr. Poore sped away and the victim chased them while talking to the 911 operator. (Tr. 329). The victim further testified that while appellant drove, Mr. Poore stuck his hand out of the window and waved a gun at her. (Tr. 329-30). At the advice of the 911 operator, the victim quit chasing appellant and Mr. Poore and returned to her residence where she waited for the police. (Tr. 331).
On June 16, 1995, appellant was indicted by the Mahoning County Grand Jury on aggravated burglary in violation of R.C. 2911.11
(A), along with an attendant firearm specification.
On June 27, 1995, appellant pled not guilty to the charges against him and filed a motion to suppress the testimony of Charlene Lott which was taken by way of deposition. Said motion was overruled by the trial court. Following several continuances, this matter proceeded to jury trial on September 25, 1997. Upon due deliberation of the testimony and evidence presented, the jury found appellant guilty of aggravated burglary and found him not guilty of the firearm specification. The trial court sentenced appellant to serve an indefinite incarceration term of not less than ten years nor more than twenty-five years.
On October 8, 1997, appellant filed a motion to dismiss his indictment and to modify. Plaintiff-appellee, State of Ohio, responded by filing a motion in opposition to said motion. On November 7, 1997, appellant's motion was overruled by the trial court as being meritless. On April 17, 1998, appellant filed a motion requesting that he be resentenced pursuant to Senate Bill 2. Said motion was denied by the trial court on April 27, 1998. It is from such decisions that the within appeal emanates.
Appellant sets forth four assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial court erred in refusing to instruct the jury on the charge of criminal trespass as requested by defendant."
Upon hearing the evidence at trial, appellant moved the trial court to instruct the jury on the lesser-included offense of criminal trespass. Said motion was denied by the trial court. Appellant contends that based upon the facts in his case, he could have properly been charged with the crime of criminal trespass, as he was not invited nor given permission to be on the victim's property on the date in question. Appellant further reasons that the lesser-included offense should have been provided because he lacked the specific intent to commit aggravated burglary.
R.C. 2911.11 defines aggravated burglary as:
 "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure* * * with purpose to commit therein any theft offense, as, defined in Section 2913.01 of the R.C. or any felony, when any of the following apply:
 "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;
 "(2) The offender has a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code, on or about his person or his control;
 "(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."
R.C. 2911.21 defines criminal trespass, in pertinent part, as:
 "(A) No person, without privilege to do so, shall do any of the following:
 "(1) Knowingly enter or remain on the land or premises of another;
"* * *
 "(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either."
Pursuant to R.C. 2945.11, a jury instruction must state all matters of law necessary for the jury to render a verdict. Criminal trespass is a lesser-included offense of aggravated burglary.State v. Magnuson(1981), 2 Ohio App.3d 21, 23. A defendant is only entitled to a lesser-included offense instruction, however, where the evidence warrants it. State v.Kidder(1987), 32 Ohio St.3d 279, 280 citing Beck v. Alabama
(1980), 447 U.S. 625. In determining whether an instruction is warranted, the Ohio Supreme Court stated in State v. Nolton
(1969), 19 Ohio St.2d 133, 135:
 "* * * [I]f the trier could reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused."
Appellant cites to and relies on State v. Wilkins,(1980),64 Ohio St.2d 382, wherein the Ohio Supreme Court stated that a lesser-included offense instruction is warranted if under any reasonable view of the evidence, it is possible for the trier-of-fact to find a defendant not guilty of a greater offense and guilty of the lesser offense.
The mere fact that a given charge can be a lesser-included offense of another crime does not mean that a trial court must instruct the jury on both offenses where the greater offense is charged.Wilkins at 387. Wilkins elaborated on this issue and stated that it has been made clear in Nolton, supra at 387:
 "* * * that juries were not to be presented with compromise offenses which could not possibly be sustained by the adduced facts. Such unreasonable compromises are detrimental to both the state and the defendant. These compromises can allow juries to lessen punishment at their unlimited discretion, even when they find the defendant guilty of the greater offense beyond a reasonable doubt. Further, they can allow juries to convict a defendant of a crime of which he is not guilty beyond a reasonable doubt with a clearer conscience than if only the greater offense were charged."
Despite appellant's argument that criminal trespass is a lesser-included offense of aggravated burglary, a jury instruction on the lesser offense is not automatically required.
Even if an offense is a lesser-included offense a charge on the lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v. Thomas,(1988), 40 Ohio St.3d 213, paragraph two of the syllabus.
In the instant case, the trial judge specifically explained his reasoning on the record concerning why he would not instruct the jury on the lesser-included offense of criminal trespass, as follows:
 "Well, I can't misdirect this jury. I mean, it seems pretty simple to me this is either an aggravated burglary that the defendant participated in or it's an aggravated burglary he had nothing to do with. * * * I think it would be improper for me to invite the jury to compromise in order to avoid doing what may be an unpleasant duty. I don't know what the defendant's story is. All I know is that the defense appears to be that he didn't know what was going on any more than the victim did And, if so, he's not guilty of anything. I just don't see where a lesser-included offense is appropriate, and I'm going to deny the request to give it." (Tr. at 417-18).
The trial judge further stated:
 "* * * There's no evidence to support a conviction of trespass if the defendant's theory of what happened here is believed by the jury." (Tr. at 437).
Based upon a thorough review of the record and transcript on appeal, it is evident that the trial court did not err in refusing to instruct the jury on the lesser-included offense of criminal trespass.
Appellant's first assignment of error is found to be without merit.
Appellant's second assignment of error alleges:
 "The trial court erred in allowing the jury to view and consider the videotaped deposition of Charlene Lott taken in absence of the defendant and with no waiver of his right to be present."
Appellant argues that the trial court erred in permitting the use of a videotape deposition of Charlene Lott since he was not present when said deposition was administered.
The use of depositions in criminal cases is governed by Crim.R. 15 (A), which provides in pertinent part:
 "If it appears probable that a prospective witness will be unable to attend or will be prevented from attending a trial or hearing, and if it further appears that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment, information, or complaint shall upon motion of the defense attorney or the prosecuting attorney and notice to all the parties, order that his testimony be taken by deposition * * *."
On January 4, 1996, appellee filed a motion pursuant to Crim.R. 15 (A) for the stenographic and video deposition of Charlene Lott. The motion stated that Ms. Lott was a key witness to appellee's case and was moving from the State of Ohio to the State of Georgia to begin a new job. On January 22, 1996, the trial court held a hearing on appellee's motion to take the videotaped deposition. The trial court sustained said motion and ordered that the deposition be completed prior to January 26, 1996.
Crim R. 15 (B) provides in pertinent part:
 "The party at whose instance a deposition is to be taken shall give to every other party reasonable written notice of the time and place for taking the deposition. * * *."
Appellant and his counsel were notified of the deposition. The record indicates that on January 29, 1996 the deposition of Ms. Lott was had and counsel for both sides were present. Appellant was not present. At the deposition, defense counsel indicated that he had attempted to contact appellant to no avail as appellant did not have a telephone. Nonetheless, defense counsel stated that he had contacted appellant's mother who indicated she would notify appellant of the deposition in question.
Appellant avers that although he and his counsel were notified of said deposition, the fact that he was not present and did not waive his right to be present is contrary to the mandates set forth in Crim.R. 15 (C), which provides:
 "The defendant shall have the right to attend the deposition. If he is confined the person having custody of the defendant shall be ordered by the court to take him to the deposition. The defendant may waive his right to attend the deposition, provided he does so in writing and in open court, is represented by counsel, and is fully advised of his right to attend by the court at a recorded proceeding."
In State v. Villagomez,(1974), 44 Ohio App.2d 209, 213-214, the court addressed a similar issue and held:
 "* * * The defendant always has a right to attend the taking of a deposition. The last part of the rule is related to situations where the defendant is confined. It is mandatory that he be ordered taken to the place of the deposition since he is not otherwise free to attend, but in such a case a waiver in writing after advice by the court and representation by counsel may eliminate this necessity. However, a defendant who is not confined, as was the case here, is in no need of this special treatment. He is free to attend or not as he sees fit. * * *
 "The person who is not in confinement though may waive his right to attend simply by not going. To hold otherwise would result in the absurd requirement that a defendant could either prevent the taking of the deposition by not showing up, or force the Sheriff, by refusing to waive his right to notice, to take him into custody so that he could be transported to the place where the deposition is to be taken. This was not the purpose of the rule."
Appellant also argues that pursuant to Crim.R. 15 (F), the deposition of Ms. Lott should not have been presented to the jury because it was not shown that she was unavailable.
Crim.R. 15 (F) provides, in pertinent part:
 "At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears; * * * that the witness is out of state, unless it appears that the absence of the witness was procured by the party offering the deposition; * * * or the party offering the deposition has been unable to procure the attendance of the witness by subpoena."
The trial court did, in fact, find Ms. Lott to be unavailable for testimony at appellant's trial. Furthermore, the trial court found that appellee did not prevent Ms. Lott from testifying at trial, thereby providing a full indicia of reliability regarding Ms. Lott's videotaped deposition.
Based upon a thorough review of the motion to suppress and the deposition taken from Ms. Lott it is clear that the trial court's perception was accurate. The line of questioning presented during the suppression hearing and the deposition are almost identical, thereby indicating that appellant was afforded his constitutional right to confront this witness against him.
In State ex rel. Fowler v. Smith,(1994), 68 Ohio St.3d 357,359, the Ohio Supreme Court stated that under the invited error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make. A party who invites an error at trial may not seek solace from the appellate court from its consequences. State v. Chappell,
(1994), 97 Ohio App.3d 515, 537. As previously stated, appellant and his counsel had notice of Ms. Lott's deposition. Contrary to appellant's contention, he was not incarcerated on January 29, 1996 and thus, was able to attend Ms. Lott's deposition if he so desired.
Appellant's second assignment of error is found to be without merit.
Appellant's third assignment of error alleges:
 "The trial court erred in not granting defendant's motion to be sentenced under Senate Bill 2."
Appellant argues that the provisions of Senate Bill 2 are applicable to his case. Appellant's argument is misplaced. The record indicates that appellant was indicted on June 16, 1995 and was convicted on September 30, 1997.
The Ohio Supreme Court in State v. Rush(1998), 83 Ohio St.3d 53
has held:
 "Because the General Assembly has expressly stated that the amended sentencing provisions of Am.Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub. S.B. No. 2 apply only to thosecrimes committed on or after July. 1996."(Emphasis added).
The provisions of Senate Bill 2 do not apply to appellant's case. Consequently, appellant's third assignment of error is found to be without merit.
Appellant's fourth assignment of error alleges:
 "The trial court erred in overruling defendant's motion to dismiss the indictment and nolle his conviction by virtue of the fact that the grand jury that indicted the defendant systematically excluded afro-americans, hispanics, and residents of the City of Youngstown."
On October 8, 1997, prior to filing his notice of appeal, appellant filed a pro se motion to dismiss his indictment based upon an alleged violation of his Sixth Amendment right to a jury trial. Even assuming arguendo that appellant properly reserved this issue for review, the trial court was correct in overruling said motion on November 12, 1997 as being meritless.
The right to a jury trial which has been selected from a representative cross-section of the community is essential to the Sixth Amendment right to a jury trial. Taylor v. Louisiana
(1975), 419 U.S. 522 However, the jury panel does not have to represent an exact cross-section of the community. State v.Lundgren(1995), 73 Ohio St.3d 474, 480. "[There is] no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population." Taylor, supra at 538.
Accordingly, in order to prove that the right to a representative cross-section of the community has been violated it must be shown (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and(3)that the under representation is due to systematic exclusion of the group in the jury selection process.State v. Moore(1998), 81 Ohio St.3d 22, 27-28, quoting State v.Fulton(1991), 57 Ohio St.3d 120.
Appellant has failed to meet the requirements set forth inMoore, supra and Fulton, supra. The only information presented in support of appellant's contention was an unidentified chart labeled "Grand Jury Venire", which was dated September 12, 1995, two years prior to appellant's trial in this matter. Appellant offered no basis in fact or argument to prove that the selected jurors lacked the proper qualifications. Further, appellant failed to allege or support any claim of prejudice resulting from the jury selection process. This court has previously addressed the same issue presented by appellant in Chicone, et al v. Mayo Orvets Real Estate(December 1, 1998), Mahoning App. No. 96-C.A. 28, unreported, wherein we found that appellant's arguments in the same regard were not well-taken.
Appellant's fourth assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J, concurs.
VUKOVICH, J, concurs.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE