OPINION
Defendant-appellant, Elizabeth Mitchell-Dulaney, appeals from a judgment of the Franklin County Court of Common Pleas finding her guilty of two counts of aggravated assault, with specification, in violation of R.C. 2903.12. Defendant assigns a single error:
 THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON THE LESSOR [sic] OFFENSE OF AGGRAVATED ASSAULT OVER DEFENDANT'S OBJECTIONS.
Because the trial court properly instructed the jury on the offense of aggravated assault, we affirm.
By indictment filed September 16, 1999, defendant was charged with two counts of felonious assault in violation of R.C. 2903.11. Each carried a specification under R.C. 2941.145. The charged offenses were tried to a jury, beginning March 1, 2000. Although testimony of the various witnesses disclosed inconsistencies in some of the details, much of the pertinent evidence was largely undisputed.
Specifically, on September 6, 1999, defendant was living at 1617 South Fourth Street, where she also conducted a daycare facility. When Sherri Armes, who lived at 1620 Fourth Street arrived home from work on September 6, 1999, she was confronted by defendant, who accused Armes' children of throwing something over her fence. Armes explained that her children had not been at home, but had been at her mother's while Armes was at work; she had only brought the children home since she returned from work. Defendant kept insisting Armes' children had in fact thrown something and Armes needed to address the situation. Ultimately, defendant apparently concluded that Armes' children had not been the perpetrators and left. While Armes busied herself with various tasks around the house, she came outside and saw an argument brewing across the street. Defendant also saw the argument, ultimately retrieved a gun from her house, returned to the area of the argument and fired two shots, one of which struck Alan Holley.
On the totality of the evidence presented, the trial court on its own initiative instructed the jury on both felonious assault and aggravated assault. Following instructions, defendant objected not only to the instruction being given, but to some of the language the trial court used. The trial court then instructed the jury more fully to resolve any misleading language, but refused to withdraw the aggravated assault instruction. The jury found defendant guilty of two counts of aggravated assault and the specification, and the trial court sentenced defendant accordingly. Defendant appeals, asserting the trial court erred in instructing the jury on aggravated assault over defendant's objections.
According to defendant's testimony, the neighborhood in which she lived was "kind of bad." (Tr. 277.) Although her fenced yard was "heaven to me and my five grandchildren and the kids that I keep * * * [o]utside that fence is hell." (Id.) In explaining her answer, defendant noted various instances where people had intimidated her, called her bad names, thrown things into her yard and damaged her property. As defendant explained, "I moved there in June 5th of '95, I was intimidated. People would sit on my back doorstep and sell drugs. They would go to sleep and I come home to go in my door, they are sitting on my steps sleeping. * * * [T]hey accused me of snitching, saying that I was calling the police all the time. I did. I called them a number of times. Sometimes eight and nine times a day." (Tr. 278-279.)
She ultimately put a fence around her property, but vandals damaged the fence. At 3:00 a.m. on a morning, someone set fire to her door while she and the children were upstairs asleep. She had endured bricks thrown into her yard, her garbage cans turned over and her trash strewn on the ground. Her car tires were flattened and cut, and someone shot the rear window out of her vehicle with a B.B. gun. She even felt the need to place bars on the windows of her house to protect against broken windows.
On September 6, 1999, an argument escalated on the street outside her home. She heard a shot and told her son to get her gun. When he was unable to do so, she left the area, retrieved the gun, and came back downstairs. As she described herself: "I got that gun and I come back downstairs and I was hysteric. I said I have had enough. I have had enough. I can't take no more and I was crying. I said, my back is against the wall and I cannot take no more. Because I was thinking about these kids * * *. So I opened the gate. And knowing me, these people had got closer and the crowd had got bigger. I looked the other way, north. They was behind me. I was across the street and they was all white. And I looked and I said, Lord, I can't take no more. Knowing me, I don't even remember what I really did after that because I really clocked. I was out of it." (Tr. 295-296.)
According to R.C. 2903.11, felonious assault is defined as follows:
(A) No person shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance, as defined in section 2923.11 of the Revised Code.
 (B) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, felonious assault is a felony of the first degree.
Aggravated assault contains all of the elements of felonious assault with an additional, mitigating factor, as set forth in R.C. 2903.12:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordinance, as defined in section 2923.11 of the Revised Code.
 (B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree. If the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, aggravated assault is a felony of the third degree.
Generally, sufficient evidence of serious provocation is presented when the evidence demonstrates (1) provocation sufficient to arouse the passions of an ordinary person beyond the power of his or her control and, (2) defendant being under the influence of sudden passion or a sudden fit of rage at the time of the assault. State v. Wong (1994),95 Ohio App.3d 39, reconsideration denied, 97 Ohio App.3d 244, appeal not allowed, 70 Ohio St.3d 1455.
Here, defendant's testimony was sufficient to support an instruction on aggravated assault. According to defendant, she had endured countless wrongs against her in the time she had lived in her home. On the day of the incident, she had yet another brick thrown into her yard with the potential for harm to the children in her care. She was upset enough about it to confront Armes and accuse her children of having committed the offense. She returned to her home to find an argument in the street, and ultimately heard a gunshot arise out of the argument. Testifying that she was hysterical, "clocked out," and "out of it," she told the jury she could take no more, retrieved a gun, and fired. With that evidence, the trial court had sufficient evidence of provocation to warrant an aggravated assault instruction.
While defendant does not contend the evidence was insufficient to support the aggravated assault charge, defendant nonetheless contends the trial court should not have issued the instruction over defendant's objection. For support, defendant relies on a series of cases from the Ohio Supreme Court which have dealt with lesser included offenses. Specifically, defendant relies heavily on State v. Nolton (1969),19 Ohio St.2d 133, which formulated a new rule:
 If the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to all substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence.
 On the contrary, if the trier could reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon the lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused. Id. at 135. (Emphasis sic.)
In State v. Wilkins (1980), 64 Ohio St.2d 382, the court had occasion to reconsider the rule announced in Nolton, revised it and stated:
 If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.
 The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant. Id. at 388.
Seven years later, in State v. Kidder (1987), 32 Ohio St.3d 279, the court clarified the entire lesser included offense analysis:
 [A]n offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot, as statutorily defined, ever be committed without the offense of the lesser degree also being committed, and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. Even though so defined, a charge on the lesser included offense is not required, unless the trier of fact could reasonably reject an affirmative defense and could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense. Id. at 282-283.
With those parameters established, the Supreme Court in State v. Deem
(1988), 40 Ohio St.3d 205, considered the issue presented here. The court concluded a jury may consider three groups of lesser offenses: attempts, inferior degrees of the indicted offense, and lesser included offenses. It then modified the test set forth in Kidder for the definition of lesser included offense to state that an offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other, (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed, and (3) some element of the greater offense is not required to prove the commission of the lesser offense.
The court also defined an offense of inferior degree as one where the elements are identical to or contained within the indicted offense, except for one or more mitigating elements. In specifically addressing aggravated assault, the court in paragraph three of the syllabus noted that aggravated assault contains elements identical to the elements defining felonious assault except for the additional mitigating element of serious provocation. Thus, "in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury." Deem,supra, at paragraph four of the syllabus. As a result, Deem indicates the trial court properly instructed on aggravated assault. See, also, Statev. Kuhn (Mar. 25, 1996), Meigs App. No. 94CA24, unreported, discretionary appeal not allowed, 76 Ohio St.3d 1492 (finding that where sufficient evidence of a serious provocation exists under trial for felonious assault, the defendant has no authority to prohibit or prevent an instruction on aggravated assault).
Revisiting Nolton, defendant nonetheless contends that because she presented evidence of self-defense as a complete defense to the crimes charged, no instruction on lesser included offense should be given. As noted, however, Nolton has been clarified. Pursuant to the clarification, even if defendant's evidence meets the definition of self-defense, an instruction on a lesser included offense may nonetheless be given if the trier of fact could reasonably reject the self-defense evidence and could reasonably find against the state and for the accused on one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which by themselves would sustain the conviction upon the lesser included offense.
Defendant's self-defense evidence reasonably could be rejected by the jury: defendant arguably violated the duty to retreat. See State v.Monroe (Sept. 21, 2000), Franklin App. No. 99AP-1464, unreported. Moreover, the concepts of Nolton are difficult to apply, because Nolton
dealt with lesser included offenses and the trial court's instruction addressed an offense of inferior degree. Nonetheless, under the rationale of Nolton and subsequent cases clarifying it, because the jury could reasonably reject defendant's claim of self-defense, but also could reasonably find the mitigating factor of provocation set forth in the definition of aggravated assault, the instruction was appropriate. Despite defendant's attempt to apply it here, the test set forth inNolton and subsequent cases clarifying it are a poor fit on these facts. Instead, Deem is controlling, and pursuant to the syllabus law of that case, the trial court properly instructed on aggravated assault.
Given the foregoing, defendant's single assignment of error is overruled and the judgment of the trial court is affirmed.
TYACK and PETREE, JJ., concur.