[Cite as *State v. Lampley*, 2011-Ohio-3814.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

 Plaintiff-Appellee

-vs-

THOMAS J. LAMPLEY

 Defendant-Appellant

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. Sheila G. Farmer, J.
Hon. Julie A. Edwards, J.

Case No. 10CA30


O P I N I O N



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Common Pleas Court, Case No. 09-CR-650D |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 2, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JAMES J. MAYER, JR.<br>PROSECUTING ATTORNEY | R. JOSHUA BROWN<br>32 Lutz Avenue |

RICHLAND COUNTY, OHIO                    Lexington, Ohio 44904

By: DANIEL J. BENOIT
Assistant Prosecuting Attorney
Richland County Prosecutor's Office
38 S. Park Street
Mansfield, Ohio  44902

*Hoffman, P.J.*

{¶1}    Defendant-appellant Thomas Lampley appeals his conviction entered by the Richland County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On August 28, 2009, Appellant was employed at the Mary McLeod Bethune Center ("MBCC") owned by his wife.  On that day, Appellant and his wife became involved in an argument, during which Appellant operated a vehicle in the MBCC parking lot coming close to and almost hitting LaShona Bronson who was also an employee of MBCC and an acquaintance of Appellant.  A dispute then arose between Bronson and Appellant as to how close Appellant was to hitting her, and Appellant called Bronson a "bitch."  Bronson telephoned her husband, David Jermain Bronson, aka J.B.  Bronson.  She then told Appellant "We going to have somebody to take care of you" and "We got something for you."  J.B. subsequently came to the parking lot, but Appellant had already left the scene.

{¶3}    When Appellant returned to the MBCC parking lot, he encountered LaShona Bronson and her husband, J.B., who approached Appellant at the vehicle Appellant was driving.  An altercation ensued.  Appellant maintains J.B. approached the vehicle and began striking Appellant through the open window.  J.B.'s friend, Danny McClain, had accompanied J.B. to the parking lot, and was outside the vehicle on the

driver's side. Appellant accessed a firearm stored in the MBCC's van, and used the firearm to shoot and fatally wound J.B.

{¶4} Appellant was indicted by the Richland County Grand Jury on four counts: murder, in violation of R.C. 2903.02(A), with a firearm specification; murder, in violation of R.C. 2903.02(B), with a firearm specification; having a weapon under disability, in violation of R.C. 2923.13(A)(2); and tampering with evidence, in violation of R.C. 2921.12(A)(1).

{¶5} A jury trial commenced on February 23, 2010, and the jury returned a verdict of guilty on all four counts. The jury also returned a finding of guilt on the firearm specifications.

{¶6} The trial court imposed a sentence of fifteen years to life imprisonment on count one, merging counts one and two. The court also imposed a five year sentence on count three and a two year sentence on count four, to be served consecutively. An additional three year mandatory consecutive prison sentence was imposed for the firearm specifications, for a total sentence of twenty-five years to life.

{¶7} On March 10, 2010, Appellant filed a notice of appeal with this court in Case No. 10–CA–30. Subsequently, on April 26, 2010, Appellant filed a petition to vacate or set aside his sentence in the trial court.

{¶8} On August 10, 2010, the trial court overruled Appellant's petition for post-conviction relief. On October 29, 2010, this Court dismissed Appellant's direct appeal for failure to prosecute because Appellant failed to submit a brief.

**{¶9}** Appellant appealed the trial court's August 10, 2010 denial of his motion for post-conviction relief. Via Judgment Entry of March 9, 2011, this Court affirmed the trial court's denial of the motion for post-conviction relief.

**{¶10}** Appellant now appeals his conviction, assigning as sole error:

**{¶11}** "I. THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT THE JURY ON THE LESSER-INCLUDED OFFENSE OF INVOLUNTARY MANSLAUGHTER."

**{¶12}** The decision to give a jury instruction is within the trial court's sound discretion. *State v. Wolons* (1989), 44 Ohio St.3d 64, 541 N.E.2d 443. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶13}** "A criminal defendant has a right to expect that the trial court will give complete jury instructions on all issues raised by the evidence." *State v. Williford* (1990), 49 Ohio St.3d 247, 251, 551 N.E.2d 1279. In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, the Supreme Court of Ohio explained lesser included offenses as follows:

**{¶14}** "3. An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense."

**{¶15}** "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the

evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus.

{¶16} Appellant was convicted of murder, in violation of R.C. 2903.02(A) and (B), which read,

{¶17} "(A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy.

{¶18} "(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code."

{¶19} Appellant argues the jury should have been instructed on the lesser included offense of involuntary manslaughter as defined in R.C. 2903.04,

{¶20} "No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a felony.

{¶21} "No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of any degree, a regulatory offense, or a minor misdemeanor other than a violation of any section contained in Title XLV of the Revised Code that is a minor misdemeanor and other than a violation of an ordinance of a municipal corporation that, regardless of the penalty set by ordinance for the violation, is

substantially equivalent to any section contained in Title XLV of the Revised Code that is a minor misdemeanor."

**{¶22}** In *State v. Wilkins* (1980), 64 Ohio St.2d 382, the Supreme Court set forth the test as follows,

**{¶23}** "If the evidence adduced on behalf of the defense is such that if accepted by the trier of fact it would constitute a complete defense to all substantive elements of the crime charged, the trier of fact will not be permitted to consider a lesser included offense unless the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged, and for the state and against the accused on the remaining elements, which, by themselves, would sustain a conviction upon a lesser included offense.

**{¶24}** "The persuasiveness of the evidence regarding the lesser included offense is irrelevant. If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, the instruction on the lesser included offense must be given. The evidence must be considered in the light most favorable to defendant."

**{¶25}** In *State v. Fox* (1972), 31 Ohio St.2d 58, the Ohio Supreme Court held,

**{¶26}** "In *State v. Nolton* (1969), 19 Ohio St.2d 133, 249 N.E.2d 797, this court held that if the evidence adduced on behalf of the defense is such that if accepted by the trier of the facts it would constitute a complete defense to all substantial elements of the crime charged, the trier will not be permitted to consider a lesser included offense.

**{¶27}** "In this case, the evidence presented by the state showed only that the deceased was sitting in the bar drinking beer with three women, when the defendant

came up behind him, asked if the deceased were looking for him, and then shot him as he turned around.

**{¶28}** "The evidence presented by the defense was that the deceased had a bad reputation, was drunk, and was going to force the defendant to keep drinking with him. When the defendant refused, the deceased became hostile, threatened him, called him names, and came after him with a knife. The defendant backed up to the door and then shot only in self-defense when the deceased kept coming.

**{¶29}** "If the prosecution's evidence is believed and the defense evidence disbelieved, there is only an unprovoked attack, which is clearly purposeful and malicious. If the defense is believed and the prosecution disbelieved, then there is clearly self-defense and no crime at all. Thus, the trier of the facts could not reasonably find against the state and for the accused upon any one or more of the elements of the crime charged and against the accused on the remaining elements. Therefore, a charge on the lesser included offense is not warranted, and an instruction on the lesser included offense in such an instance permits the jury to unnecessarily speculate on a compromised verdict. See *State v. Loudermill* (1965), 2 Ohio St.2d 79, 81, 206 N.E.2d 198; *Bandy v. State* (1921), 102 Ohio St. 384, 131 N.E. 499.

**{¶30}** "As stated in the alternative by the court in *State v. Nolton*, 19 Ohio St.2d at page 135, 249 N.E.2d at page 799:

**{¶31}** "'On the contrary, if the trier could reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser

included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused.'"

{¶32} At the trial herein, Appellant argued the affirmative defense of self defense. Appellant's argument to the jury was he shot J.B. in self defense; therefore, if believed, the evidence would support an acquittal on both the charges of murder and the involuntary manslaughter lesser included offense. Based upon the case law set forth above, we find the trial court did not err in electing not to instruct the jury on the lesser included offense of involuntary manslaughter. Further, upon our review of the record, the evidence at trial was sufficient to sustain a conviction on the offense of murder; therefore, the trial court did not err in its instructions to the jury.

{¶33} Appellant's conviction in the Richland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
       Plaintiff-Appellee              :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
THOMAS J. LAMPLEY                       :
                                       :
       Defendant-Appellant             :          Case No. 10CA30


       For the reason stated in our accompanying Opinion,   Appellant's   conviction   in

the Richland County Court of Common Pleas is affirmed.  Costs to Appellant.




                                       s/ William B. Hoffman_____
                                       HON. WILLIAM B. HOFFMAN


                                       s/ Sheila G. Farmer_____
                                       HON. SHEILA G. FARMER


                                       s/ Julie A. Edwards_____
                                       HON. JULIE A. EDWARDS