[Cite as *State v. Montgomery*, 2019-Ohio-2183.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JEPHTHAH I MONTGOMERY, | : | Case No. 18 CA 38 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Guernsey County
                             Court of Common Pleas, Case No.
                             00-CR-155


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            May 31, 2019


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JASON R. FARLEY                           JEPHTHAH I MONTGOMERY, pro se
MELISSA R. BRIGHT                         #417-757
Assistant Prosecuting Attorneys           P.O. Box 209
627  Wheeling Avenue                      Orient, Ohio 43146
Cambridge, Ohio 43725

*Baldwin, J.*

{¶1}   Defendant-appellant Jephthah Montgomery appeals from the December 6, 2018 order of the Guernsey County Court of Common Pleas denying his Motion for Resentencing. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On May 8, 2001, appellant pleaded no contest to two counts of aggravated murder with capital specifications, one count of aggravated robbery, a felony of the first degree, and one count of aggravated burglary, also a felony of the first degree, pursuant to a negotiated plea. In exchange for the plea, the State dismissed the remaining counts of the indictment and agreed not to seek the death penalty.

{¶3}   The court held a sentencing hearing on November 6, 2001. The trial court, pursuant to a Judgment Entry of sentence filed on the same day, imposed concurrent terms of life imprisonment with parole eligibility after twenty-five years for the aggravated murder convictions, and concurrent terms of nine years imprisonment on the aggravated robbery and aggravated burglary convictions. Appellant did not appeal this judgment.

{¶4}   On August 9, 2010, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Appellant claimed that his sentence was void because the court improperly imposed post-release control, and that his plea was not knowing, intelligent, and voluntary.  The trial court, on October 13, 2010, overruled the motion. Appellant then appealed.

{¶5}   Pursuant to an Opinion filed on November 28, 2011 in *State v. Montgomery*, 5th Dist. Guernsey No. 10CA42, 2011-Ohio-6145, this Court affirmed the judgment of the trial court.

{¶6}    Thereafter, on September 4, 2018, appellant filed a Motion to Resentencing pursuant to R.C. 2967.28. Appellant, in his motion, argued that the trial court had erred when it failed to comply with R.C. 2967.28(B) 'by failing to impose any post release control on the remaining unclassified felony to witt (sic): C.T. 5: Aggravated Robbery where defendant received nine years." Appellee filed a response to the same on November 26, 2018. Pursuant to an Order filed on December 6, 2018, the trial court denied appellant's motion.

{¶7}    Appellant now raises the following assignments of error on appeal:

{¶8}    "I. THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A NEW RE SENTENCING HEARING FOR FAILURE TO INCLUDE POST RELEASE CONTROL ON THE FELONY AND TWO OFFENSES IN THE CURRENT CASE."

{¶9}    "II. THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT ON BOTH COUNTS OF AGGRAVATED MURDER WHICH WERE PREVIOUSLY DETERMINED TO MERGE, THE COURT ERRED IN DETERMINING BOTH COUNTS MERGE (SIC), YET SENTENCED DEFENDANT ON BOTH COUNTS."

I

{¶10}   Appellant, in his first assignment of error, argues that the trial court erred in failing to hold a new resentencing hearing after it failed to include post release control on appellant's first degree felony offenses.

{¶11}   "A trial court is required to notify a defendant at the time of the sentencing hearing of the potential of post release control, and must incorporate that notice into its journal entry. *State v. Jordan,* 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. Where a sentence fails to contain a statutorily mandated term, such as post release

control, the sentence is void. *Id.* The remedy is to resentence [the defendant] and notify him at the hearing of his post-release control requirements. *State v. Simpkins,* 117 Ohio St.3d 420, 884 N.E.2d 568, 2008–Ohio–1197; *State v. Davis,* Montgomery App. No. 22403, 2008–Ohio–6722; R.C. 2929.191." *State v. Golson,* 2nd Dist. Montgomery App. No. 22927, 2010–Ohio–560, ¶ 10.

{¶12} However, "an individual sentenced for aggravated murder ... is not subject to post release control, because that crime is an unclassified felony to which the post release-control statute does not apply. R.C. 2967.28." *State v. Clark,* 119 Ohio St.3d 239, 2008–Ohio–3748, 893 N.E.2d 462 at paragraph 36. If a person, as here, is convicted of both an unclassified felony and a classified felony, the court still has obligations regarding post-release control as it relates to the classified felony. See *State v. Roseberry,* 7th Belmont Dist. No. 11 BE 21, 2012-Ohio-4115, ¶ 15. *See also State v. Wilcox,* 10th Dist. No. 13AP–402, 2013-Ohio-4347, ¶ 10 ("When a defendant has been convicted of both an offense that carries mandatory post-release control and an unclassified felony to which post-release control is inapplicable, the trial court's duty to notify of post-release control is not negated.")

{¶13} In the case sub judice, appellant was sentenced to concurrent terms of life imprisonment with parole eligibility after twenty-five years for the aggravated murder convictions, and concurrent terms of nine years imprisonment on the aggravated robbery and aggravated burglary convictions. Appellant, as noted in the trial court's November 6, 2001 Judgment Entry of Sentence, received 344 days of jail time credit. Appellant, therefore, has completed his sentences for aggravated robbery and aggravated burglary.

{¶14} The Ohio Supreme Court has found that consecutive sentences are separate and distinct from one another and do not combine in the aggregate to form a "sentencing package." *State v. Holdcroft,* 137 Ohio St.3d 526, 2013–Ohio–5014, 1 N.E.3d 382, ¶ 6. In *Holdcroft,* the offender was sentenced to a ten-year prison sentence for aggravated arson and to another five years for arson, to be served consecutively. Id. at ¶ 2. The trial court imposed post release control, but did not state how long the sanction would be imposed, or to which sentence it applied. Id. The offender served over ten years in prison before the trial court held a new sentencing hearing to correct its error. *Id.* at ¶ 3. The Court found that the trial court could not resentence a defendant who has served the entire sentence. Id. at ¶ 19. As the Court stated, "a sentence served is a sentence completed." Id. at ¶ 18. While it was argued that the offender had not completed his aggregate sentence of fifteen years, the Court found that sentences are not viewed in the aggregate, as " 'Ohio's felony-sentencing scheme is clearly designed to focus the judge's attention on one offense at a time.' " *Id.* at ¶ 6, *quoting State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, ¶ 8.

{¶15} A trial court cannot add a term of post-release control as a sanction for a particular offense after the defendant has already served the prison term for that offense, even if the defendant remains in prison for other offenses.  *Holdcroft,* supra at ¶ 18. "But once a valid prison sanction has been served, it is no longer res judicata that acts as a bar to modification; rather, the court has lost *jurisdiction* to modify the sentence. Id. at ¶ 14 (citing *Hernandez v. Kelly,* 108 Ohio St.3d 395, 2006–Ohio–126, 844 N.E.2d 301, ¶ 28–30).

{¶16} As noted by the trial court, because appellant has already served his sentences for aggravated burglary and aggravated robbery, appellant cannot be resentenced to post-release control on such offenses.

{¶17} Appellant's first assignment of error is, therefore, overruled.

II

{¶18} Appellant, in his second assignment of error, contends that the trial court erred in sentencing appellant on both counts of aggravated murder when the trial court had merged the offenses.

{¶19} Contrary to appellant's argument, the trial court did not merge the two aggravated murder offenses. To the extent that appellant argues that the offenses should have been merged, such claim is cognizable from the record and is barred by the doctrine of res judicata, which may be applied to bar further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. *State v. Johnson*, 8th Dist. Cuyahoga No. 80247, 2002–Ohio–2712, ¶ 7.

{¶20} Appellant failed to file a direct appeal from his convictions and sentence, but did appeal from the trial court's denial of his motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 96, 1996–Ohio–337, 671 N.E.2d 233; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Not only does res

judicata bar appellant from raising issues that were raised in his direct appeal, it also bars issues that could have been raised in that appeal. *Szefcyk,* supra. Appellant did not raise the issue of merger in a direct appeal or in his prior appeal and is barred from doing so now.

**{¶21}** Moreover, if two counts are shown to be allied offenses of similar import, there can only be one conviction. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13. Conversely, a defendant may be convicted on all counts if one of the following is true: "(1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Moss,* 69 Ohio St.2d 515, 519, 433 N.E.2d 181 (1982); R.C. 2941.25(B).

**{¶22}** Offenses are of dissimilar import when a defendant's conduct "victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted on multiple counts." *Ruff* at ¶ 26. We note that, in the case sub judice, the two aggravated murder offenses involved two separate victims. The offenses, therefore, were not subject to merger.

**{¶23}** Appellant's second assignment of error is, therefore, overruled.

{¶24} Accordingly, the judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.