[Cite as *State v. Smith*, 2020-Ohio-3340.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                      :

               Plaintiff-Appellee,       :

v.                              :

Tyler E. Smith,                 :

               Defendant-Appellant.    :

No. 19AP-168
(C.P.C. No. 13CR-1589)
No. 19AP-169
(C.P.C. No. 16CR-5537)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on June 16, 2020

**On brief**: *Ron O'Brien*, Prosecuting Attorney, *Daniel J. Stanley*, and *Valerie B. Swanson*, for appellee. **Argued**: *Daniel J. Stanley*.

**On brief**: *Yeura R. Venters*, Public Defender, and *George M. Schumann*, for appellant. **Argued**: *George M. Schumann*.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Tyler E. Smith, appeals from a judgment of the Franklin County Court of Common Pleas denying his motions to terminate post-release control in Franklin County C.P. Nos. 13CR-1589 and 16CR-5537.

{¶ 2} On March 22, 2013, appellant was indicted in case No. 13CR-1589 on two counts of robbery, in violation of R.C. 2911.02. On April 2, 2014, he entered a guilty plea in that case to Count 2 of the indictment, i.e., robbery as a third-degree felony, and the court entered a nolle prosequi as to Count 1. On May 22, 2014, the trial court conducted a sentencing hearing. By judgment entry filed June 13, 2014, the trial court imposed a sentence of 18 months community control and ordered appellant to pay restitution. Appellant did not appeal from that sentencing entry.

{¶ 3}   On October 5, 2016, appellant was indicted in case No. 16CR-5537 on one count of failure to register, in violation of R.C. 2950.04, and one count of failure to provide notice of change of address, in violation of R.C. 2950.05.  On November 3, 2016, a probation officer filed a request for revocation of community control and statement of violations in case No. 13CR-1589.  On December 6, 2016, appellant entered a guilty plea in case No. 16CR-5537 to one count of failure to register, a felony of the third degree.

{¶ 4}   On January 5, 2017, the trial court conducted a revocation/resentencing hearing in case No. 13CR-1589, as well as sentencing hearings in case Nos. 16CR-5537 and 16CR-2055 (in which appellant entered a guilty plea to one count of attempted possession of cocaine).   During the revocation/resentencing hearing, appellant stipulated to violations of community control in case No. 13CR-1589.

{¶ 5}   The trial court filed a revocation/resentencing entry in case No. 13CR-1589 on January 5, 2017, imposing a two-year sentence of incarceration, to be served concurrent with sentences in case Nos. 16CR-2055 and 16CR-5537.  The entry further stated appellant would be subject to a mandatory period of post-release control of three years.  Also on that date, the trial court filed a judgment entry in case No. 16CR-5537, sentencing appellant to nine months incarceration, to be served concurrent with the sentences in case Nos. 13CR-1589 and 16CR-2055.  Appellant did not appeal from the January 2017 revocation/resentencing entry in case No. 13CR-1589, nor did he appeal from the January 2017 sentencing entry in case No. 16CR-5537.

{¶ 6}   On December 21, 2018, appellant filed a motion to vacate post-release control and to terminate supervision in both case Nos. 13CR-1589 and 16CR-5537.  With respect to case No. 13CR-1589, appellant argued in the motion he was not orally notified of the possibility of post-release control during the original sentencing hearing on May 22, 2014, nor was he orally notified of post-release control during the revocation/re-sentencing hearing in that case on January 5, 2017.  Regarding case No. 16CR-5537, appellant similarly argued the trial court failed to orally notify him of post-release control during the sentencing hearing on January 5, 2017.  Also on that date, appellant filed a motion for nunc pro tunc sentencing entry in both case Nos. 13CR-1589 and 16CR-5537.

{¶ 7}   On January 4, 2019, the state filed a memorandum contra appellant's motions, asserting appellant had been properly notified of post-release control.  The state further argued that any notification error as to post-release control would render the

sentence voidable, not void, and therefore barred by res judicata if not raised on direct appeal.

{¶ 8}   On February 21, 2019, the trial court denied appellant's motions to vacate post-release control in case Nos. 13CR-1589 and 16CR-5537, finding that appellant "was notified of Post-Release Control pursuant to R.C. 2929.19(B)(2)." (Feb. 21, 2019 Entry at 1.)

{¶ 9}   On appeal, appellant sets forth the following two assignments of error for this court's review:

> [I.] The trial court erred by denying the defendant-appellant's motion to vacate the post-release control part of his sentence.
>
> [II.] The trial court erred by denying the defendant-appellant's motion to vacate the post-release control part of his sentence.

{¶ 10} Appellant's assignments of error are interrelated and will be considered together.   Under these assignments of error, appellant contends the trial court erred in denying his motions to vacate post-release control in both case Nos. 13CR-1589 and 16CR-5537.

{¶ 11} Appellant initially asserts a trial court's failure to properly impose post-release control renders that portion of the sentence void.  In support, he relies on a line of cases from the Supreme Court of Ohio, including *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, *State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, and *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085.  Appellant further argues that, despite his failure to challenge the imposition of post-release control by direct appeal of the sentences, the doctrine of res judicata is not applicable because he seeks to correct a void sentence.  Appellant again relies on cases such as *Fischer* and *Simpkins* in support of his argument.

{¶ 12} In response, the state argues that any error by a trial court in notifying a criminal defendant of post-release control during a sentencing hearing under R.C. 2929.19 may render a sentence voidable but not void.  The state maintains, therefore, that appellant's argument regarding post-release control notification is barred by res judicata as he could have raised any such issue through a direct appeal of his sentences but, instead, waited until he violated post-release control before filing his motions to vacate.

{¶ 13} Subsequent to the time for filing briefs in this case, the Supreme Court rendered its decision in *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, in which the court revisited its prior line of cases addressing the issue whether the failure to properly impose post-release control in the sentence renders that portion of a defendant's sentence void or voidable.[1] In *Harper*, the Supreme Court accepted a discretionary appeal from this court seeking clarification as to whether the Supreme Court's decision in *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, "applies retroactively and whether the failure to provide notice of the consequences of a violation of postrelease control in the sentencing entry renders the imposition of postrelease control void ab initio and subject to collateral attack at any time." *Harper* at ¶ 1.

{¶ 14} In considering its earlier "jurisprudence on void sentences," including *Fischer*, the court noted that "[i]n cases in which the trial court inadvertently failed to properly impose postrelease control in the sentence, we provided a remedy by holding that the failure rendered the sentence—or part of the sentence—void and subject to correction at any time before the expiration of the original sentence." *Harper* at ¶ 2. The Supreme Court acknowledged, however, "[i]n attempting to apply this remedy, we have had to add additional exceptions to the traditional rule that errors in sentencing are not jurisdictional and that those errors render the resulting sentence voidable, not void." *Id.* at ¶ 3. The court also recognized that such "attempt to bring clarity to the law * * * has burdened Ohio courts with unnecessary litigation challenging errors in the imposition of postrelease control that could have been raised by the parties at sentencing or on direct appeal, undermining the finality of criminal judgments." *Id.* In addressing these concerns, the court in *Harper* announced its determination to "realign our precedent in cases involving the imposition of postrelease control with the traditional understanding of what constitutes a void judgment." *Id.* at ¶ 4.

{¶ 15} In reaching that determination, the Supreme Court reviewed a line of cases (including *Fischer, Bezak, Jordan*, and *Simpkins*) addressing the "void-sentence doctrine" in the context of imposition of post-release control, and acknowledged "that our caselaw has not always limited the understanding of void judgments to those that are

---

[1] We note (and credit) the fact counsel for appellant has filed a notice of citation of additional authority, i.e., the Supreme Court's recent decision in *Harper*, which counsel acknowledges "consistent with counsel's duty to inform the court of adverse authority," is "relevant to the disposition of the pending appeal." (Appellant's Notice of Citation of Additional Authority at 1.)

entered by a court lacking subject-matter or personal jurisdiction."  *Harper* at ¶ 27.  The court in *Harper* therefore "overrule[d] our precedent to the extent that it holds that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void," reasoning that "noncompliance with requirements for imposing postrelease control is best remedied the same way as other trial and sentencing errors—through timely objections at sentencing and an appeal of the sentence."  *Id.* at ¶ 40.  The Supreme Court thus concluded: "When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal."  *Id.* at ¶ 42.

{¶ 16} The holding in *Harper* is dispositive of the issues in the instant appeal. Here, in accordance with *Harper,* any error by the trial court in imposing the post-release control sanction with respect to appellant's sentence "was an error in the exercise of the trial court's jurisdiction that could have been objected to at trial and that may have been reversible error on direct appeal."  *Id.* at ¶ 41.  Any such error, however, "did not render any part of [appellant's] sentence void," and because appellant "could have raised his argument that the trial court failed to properly impose postrelease control on appeal, it is now barred by the doctrine of res judicata."  *Id.*

{¶ 17} Accordingly, in light of the Supreme Court's decision in *Harper,* we find no merit with appellant's contention that the trial court erred in denying the motions to vacate the post-release control part of his sentences in case Nos. 13CR-1589 and 16CR-5537, and we affirm the judgment of the trial court (albeit for a different reason than that relied on by the trial court).

{¶ 18} Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____