[Cite as *State v. Lampley*, 2020-Ohio-3911.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020CA0024 |
| THOMAS J. LAMPLEY | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas, Case No. 09-CR-
                             0650D

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 30, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY D. BISHOP                        THOMAS J. LAMPLEY, PRO SE
Prosecutor                            Marion Correctional Institution
By: JOSEPH C. SNYDER                  Box 57
Assistant Prosecutor                  Marion, OH 43301
38 S. Park St., 2nd Floor
Mansfield, OH 44902

*Gwin, P.J.*

{¶1}   Appellant Thomas Lampley appeals the September 23, 2019 judgment entry of the Richland County Court of Common Pleas overruling his motion to vacate void sentence.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}   In 2010, a jury found appellant guilty of four counts:  murder, in violation of R.C. 2903.02(A), with a firearm specification; murder, in violation of R.C. 2903.02(B), with a firearm specification; having a weapon under disability, in violation of R.C. 2923.13(A)(2); and tampering with evidence, in violation of R.C. 2921.12(A)(1).  The trial court imposed a sentence of fifteen-years to life imprisonment on count one, merging counts one and two.  The court also imposed a five-year sentence on count three and a two-year sentence on count four, to be served consecutively.  An additional three-year mandatory consecutive prison sentence was imposed for the firearm specification, for a total sentence of twenty-five years to life.

{¶3}   Appellant appealed his conviction to this Court, arguing the trial court erred in refusing to instruct the jury on the lesser-included offense of involuntary manslaughter. In *State v. Lampley*, 5th Dist. Richland No. 10CA30, 2011-Ohio-3814, this Court overruled appellant's assignment of error and affirmed his conviction.  Appellant filed a petition to vacate or set aside his sentence, which the trial court overruled.  Appellant appealed to this Court, arguing his trial counsel was ineffective.  In *State v. Lampley*, 5th Dist. Richland No. 10-CA-106, 2011-Ohio-1204, we overruled appellant's assignment of error.  On December 9, 2011, this Court granted appellant's application to open his direct appeal for the limited purpose of considering whether trial counsel was ineffective in failing to

request a jury instruction on the Castle Doctrine, as codified in R.C. 2901.05 and R.C. 2901.09. In *State v. Lampley*, 5th Dist. Richland No. 10CA30, 2012-Ohio-4071, we overruled appellant's assignments of error.

{¶4} On September 10, 2019, appellant filed a motion to vacate void sentence for statutory non-compliance with the requirements of R.C. 2967.28. Appellant argued the post-release control portions of counts three and four were void as a matter of law and he sought to be re-sentenced on counts three and four. Appellee filed a memorandum in response on September 18, 2019.

{¶5} The trial court issued a judgment entry overruling appellant's motion on September 23, 2019. The trial court agreed with appellant that he was required to be sentenced to post-release control on counts three and four. However, the trial court stated appellant has already served his sentence for these counts pursuant to R.C. 2929.14(C) because definite prison terms imposed on a defendant shall be served prior to an indefinite sentence. The trial court noted that appellant was sentenced to a ten-year definite prison sentence, which was completed on August 24, 2019. Thus, since appellant had already completed the definite sentences in counts three and four, the trial court no longer had the jurisdiction to sentence appellant to post-release control on those counts. Finally, the trial court noted appellant is not subject to post-release control on count one, as it is an unclassified felony to which post-release control does not apply.

{¶6} Appellant appeals the September 23, 2019 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶7} "I. THE TRIAL COURT ERRED IN FAILING TO IMPOSE STATUTORILY MANDATED REQUIREMENTS WHEN SENTENCING APPELLANT REGARDING COUNTS THREE AND FOUR OF HIS CONVICTION.

{¶8} "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE AND CORRECT AN UNLAWFUL SENTENCE.

{¶9} "III. THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO TWO UNLAWFUL STATED PRISON TERMS."

### I., II., III.

{¶10} Appellant's assignments of error are interrelated and will be considered together. In his assignments of error, appellant argues the trial court erred by overruling his motion to vacate. Appellant contends the trial court failed to impose mandatory post-release control on counts three and four and thus, his sentence is contrary to law. Appellant asserts the trial court should have vacated his void sentence for counts three and four and argues this Court should remand these counts for re-sentencing. Appellant asserts the trial court's failure to properly impose post-release control renders that portion of the sentence void and res judicata does not apply because he seeks to correct a void sentence.

{¶11} We first note that post-release control does not apply to murder convictions because murder is an unclassified felony. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

{¶12} Further, we agree with the trial court that it has lost jurisdiction to resentence appellant on counts three and four. The trial court sentenced appellant to an indefinite term of fifteen-years to life on the murder count; to a prison term of five years on the

having weapons under disability count; to a prison term of two years on the tampering with evidence count; and to a mandatory three-year prison term on the firearm specification. All the terms of imprisonment were ordered to be served consecutively without indication of order.

{¶13} Section 5120-2-03.1(M) of the Ohio Administrative Code describes the manner in which the time served by an offender is to be allocated when the offender is sentenced to a stated prison term consecutive to a life prison term:

> When an offender is serving any stated prison terms consecutively to any life terms of imprisonment and/or to any one, three, five, and/or six year mandatory prison terms imposed pursuant to division (B)(1)(a)(i) of section 2929.14 of the Revised Code, for using a firearm in the commission of an offense * * * the aggregate of all such one, three, five, and/or six year mandatory prison terms shall be served first. Then, consistent with division (C) of 2929.14, of the Revised Code, the aggregate of all other mandatory definite prison terms shall be served, then the aggregate of the non-mandatory portion of the definite stated prison terms shall be served, then the mandatory non-life felony indefinite prison terms, then the non-life felony indefinite terms, and then the aggregate of the life terms of imprisonment shall be served.

{¶14} Here, appellant served his three-year sentence for the firearm specification prior to his five-year definite sentence for having weapons while under disability and his two-year definite sentence for tampering with evidence. Subsequently, appellant served his five-year and two-year definite sentences prior to his indefinite fifteen-years to life

sentence for murder. Therefore, as of August 24, 2019, appellant had completed his sentences for the firearm specification, the having weapons while under disability count, and the tampering with evidence count. He is currently serving his sentence for murder. *State v. Minor*, 5th Dist. Richland No. 15CA81, 2016-Ohio-914.

{¶15} Once a defendant has served the prison time for an offense for which post-release control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of post-release control as a sanction for that particular offense, even if the defendant remains in prison for other offenses. *State v. Holdcraft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382; *State v. Montgomery*, 5th Dist. Guernsey No. 18 CA 39, 2019-Ohio-2183; *State v. Williams*, 5th Dist. Richland No. 2019 CA 00083, 2020-Ohio-77.

{¶16} In this case, because appellant has already served his sentences for counts three and four, appellant cannot be resentenced to post-release control on such offenses.

{¶17} Additionally, appellant's arguments regarding post-release control are barred by res judicata pursuant to the Ohio Supreme Court's decision in *State v. Harper*, -- N.E.3d ----, 2020-Ohio-2913. In this case, the common pleas court had subject matter jurisdiction over the case and personal jurisdiction over appellant. "Because the court had the constitutional and statutory power to enter a finding of guilt and impose a sentence, any error in the exercise of its jurisdiction in failing to properly impose post-release control rendered the judgment of conviction voidable not void, and it is not subject to collateral attack." *Id.* Since the entry is voidable, not void, res judicata applies. *Id.* Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding,

except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶18} Appellant's argument that the trial court failed to properly impose mandatory post-release control as to counts three and four could have been objected to at sentencing and may have been reversible error on direct appeal. However, such an error does not render any part of appellant's sentence void. *Id.* Appellant could have, but did not, raise any issues regarding post-release control in his direct appeal; thus, his argument is therefore now barred by res judicata. *Id.*; *State v. Smith*, 10th Dist. Franklin No. 19AP-168, 19AP-169, 2020-Ohio-3340; *State v. Scott*, 8th Dist. Cuyahoga No. 109436, 2020-Ohio-3676.

{¶19} Based on the foregoing, appellant's assignments of error are overruled.

{¶20}  The September 23, 2019 judgment entry of the Richland County Court of Common Pleas is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, Earle, E., concur

.

[Cite as *State v. Lampley*, 2020-Ohio-3911.]